IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILTON N. WILLIAMS,

    Petitioner,

v.                                                     Civil Action No. **3:16CV645**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

On or about August 1, 2016, Milton N. Williams, a Virginia state prisoner proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254 ("2016 § 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Hampton, Virginia ("Circuit Court") for object sexual penetration and sexual battery. Williams previously had filed another 28 U.S.C. § 2254 petition challenging the above convictions ("2015 § 2254 Petition"). *Williams v. Virginia*, No. 3:15CV690, 2017 WL 1029112, at *13 (E.D. Va. Mar. 16, 2017). The Court dismissed the 2015 § 2254 Petition on March 16, 2017. *Id.* For the reasons that follow the 2016 § 2254 Petition will be denied and the action will be dismissed.

### I. Williams's Claims

In the 2016 § 2254 Petition, Williams contends he is entitled to relief upon the following grounds:[1]

    Claim One    "The Circuit Court errored and abused its discretion in denying and dismissing the petition for a writ of habeas corpus furthering a grave miscarriage of justice." (2016 § 2254 Pet. 6.)

    Claim Two    The Circuit Court "errored and abused its discretion in the proceedings upon the petition for a writ of habeas corpus

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from Williams's submissions.

denying the Petitioner his 5th and 14th U.S. Amend. right to due process." (*Id.* at 8.)

Claim Three "The Supreme Court of Virginia has abused its discretion and erred in refusing the Petition for Appeal" from the Circuit Court's denial of the petition for a writ of habeas corpus. (*Id.* at 9.)

Claim Four "The Circuit Court and the Supreme Court of Virginia both have failed to observe Petitioner's U.S. Constitutional right to have evidence tested for DNA." (*Id.* at 11.)

Claim Five "The evidence if tested would support the presumption that the petitioner is actually innocent pursuant to the reasonable jurist standard." (*Id.* at 12A.)

## II. Analysis of the Motion to Dismiss

Respondent argues, *inter alia*, that the Court should dismiss the 2016 § 2254 Petition as a successive, unauthorized 28 U.S.C. § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (ECF No. 7, at 7–8.)[2] The relevant statute provides, in pertinent part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

---

[2] The Court previously discussed the deficiencies with Respondent's argument that the statute of limitations bars Williams's attempt to challenge his convictions. *See Williams v. Virginia*, No. 3:15CV690, 2017 WL 1029112, at *2–3 (E.D. Va. Mar. 16, 2017)

2

28 U.S.C.A. § 2244. "[I]t is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first. A petition that has reached *final* decision counts for this purpose.'" *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (some internal quotation marks omitted) (quoting *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)). Because Williams filed his 2016 § 2254 Petition prior to the dismissal of the 2015 § 2254 Petition, it is not subject to dismissal as a successive, unauthorized § 2254 petition. *Id.* Instead, because Williams filed his 2016 § 2254 Petition before the dismissal of his 2015 § 2254 Petition, the 2016 § 2254 Petition will be treated as a motion to amend the 2015 § 2254 Petition. *Id.* (citation omitted). In this regard, Williams's attempt to amend will be denied as futile because, as explained below, Williams's claims lack merit. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).

### III. Analysis of Williams's Claims

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because a habeas petitioner is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Claims One through Three complain of errors in Williams's post-conviction proceedings and provide no basis for federal habeas relief. Accordingly, Claims One through Three will be DISMISSED.

In Claims Four and Five, Williams contends that the Circuit Court failed to honor his right to have DNA evidence tested and if it had it would have proved his innocence. As explained in the Court's prior opinion, this contention is frivolous and a lack of DNA testing did not in any way prejudice Williams.

> During the plea colloquy, the Commonwealth explained the factual basis for the plea as follows:
>
>> If the evidence was presented it would show that the victim, P.L., is the 17 year old daughter of the defendant's girlfriend.
>>
>> The victim, her mother and the defendant all resided together at 3326 Sunnyside Drive in the City of Hampton, Virginia.
>>
>> On the morning of April 25th, 2011, the victim was asleep in her bedroom at 3326 Sunnyside Drive in Hampton. The victim's mother had already left for work.
>>
>> The victim woke up when she felt someone touching her buttocks. The defendant was standing at the foot of the victim's bed and began pulling her down to the foot of the bed. The victim was struggling and shouting no. The defendant said to the victim let me eat it. The victim struggled and kicked but the defendant managed to pull her panties down and inserted his fingers in her vagina. The defendant then licked his finger.
>>
>> The victim managed to get away and ran outside wearing only underwear and a shirt.
>>
>> The victim saw a neighbor and went to him and they went inside his house where she called the police, her mother and her brother.
>
> (Dec. 15, 2011 Tr. 10–11.) After the conclusion of the proffered evidence, counsel for Williams agreed that Williams accepted the evidence presented. (Dec. 15, 2011 Tr. 11–12.) The Circuit Court found Williams guilty of . . . object sexual penetration and sexual battery. (Dec. 15, 2011 Tr. 12.)

*Williams v. Virginia*, No. 3:15CV690, 2017 WL 1029112, at *4 (E.D. Va. Mar. 16, 2017)

Additionally, at sentencing, "Petitioner further admitted that he forced the victim to have sexual contact against her will, admitted penetrating her body without her consent, and admitted he hurt her by doing that." *Id.* at *5 (citation omitted).

Additionally, this Court along with the Circuit Court thoroughly rejected Petitioner's suggestion that some DNA evidence existed that was exculpatory:

> As a preliminary matter, given the facts of this case, the Court finds that Petitioner fails to demonstrate prejudice with regards to any allegation because no rational defendant in Petitioner's circumstances would have insisted on proceeding to trial. The record establishes that Petitioner awoke P.L., made a graphic request, and then forcibly digitally penetrated her, causing an internal abrasion. There was no question of identity, as Petitioner had long dated P.L.'s mother, and P.L. immediately fled her home and called the police. Petitioner admitted to police that he twice touched P.L.'s vagina, and he wrote," I am sorry I touched you in a bad manner." In response to this overwhelming evidence, Petitioner includes his prior denials to assert a defense that he merely startled P.L. while waking her and never penetrated her, a story he claims is supported because there was no DNA transfer detected between them. Petitioner faced life in prison for his crime; instead, he received an active sentence of twelve and a half years. Given the physical evidence of forcible penetration, the immediate outcry, and no possible misidentification defense, the Court finds that no reasonable defendant would have gone to trial to risk a life sentence rather than accepting the plea agreement. Accordingly, the Court finds that Petitioner cannot establish the prejudice prong of *Strickland*. . . .
>
> [In Claim Two,] Petitioner alleges counsel was ineffective because he "never advised on any stragdy [sic] to present the [DNA] evidence in court." Moreover, Petitioner complains that the only evidence gathered from the victim that was tested was fingernail scrapings; genital samples and her underwear were not tested. Petitioner alleges that, "If counsel would have advised a stragdy [sic] for the DNA testing, I would have taken it to trial."
>
> The Court finds that petitioner fails to proffer a strategy that could have been successful. Petitioner admits that he and counsel discussed the DNA and that counsel explained "touching someone you don't always leave DNA." The Court notes that there were no allegations involving Petitioner's bodily fluids and

5

that the allegation was that Petitioner forced his fingers into the victim's vagina, and the victim had a corresponding internal abrasion. The Court finds that Petitioner offers no scientific or legal support for his claim that an absence of DNA "would prove without a reasonable doubt that I never touched the victims [sic] panties or her."

*Id.* at *7 (alterations in original). Claims Four and Five lack merit and will be DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, Williams's claims will be DISMISSED. The 2016 § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificate of appealability.[3]

An appropriate Final Order shall issue.

Date: 6/1/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Williams fails to meet this standard.